IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES McALPHIN
ADC #88328                                                                              PLAINTIFF

v.                          NO. 4:17CV00343-SWW-JJV

BRENDA WADE, Director,
Arkansas Claims Commission, *et al.*                                                    DEFENDANTS

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Defendants are entitled to summary judgment as a matter of law, because no actual controversy continues to exist. The Supreme Court has held that "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). For a case-or-controversy to exist, there must be injury-in-fact, causation, and redressability. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103-104 (1998). Redressability is "a likelihood that the requested relief will redress the alleged injury." *Id.* at 103. In the case-at-hand, Plaintiff was only entitled to equitable relief of a new hearing before the Arkansas Claims Commission. *See* Doc. No. 19. On February 15, 2018, Plaintiff was given a new hearing for his original claims by the Arkansas Claims Commission. *SUMF* ¶ 9. Thus, Plaintiff's lawsuit is moot. Accordingly, Defendants are entitled to summary judgment as a matter of law.

### STANDARD OF REVIEW

Summary judgment is to be "rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

1

matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact requiring the trier of fact to resolve the dispute in favor of one party or the other. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of fact is material only if the fact could affect the outcome of the case under governing law. *Anderson*, 477 U.S. at 248. The nonmoving party must establish that there is a genuine issue of material fact in order to survive a motion for summary judgment. *Celotex*, 477 U.S. at 322; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To establish the existence of a genuine issue, the non-moving party must produce "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. The mere existence of some disputed factual issues will not defeat a summary judgment motion where the disputed issues are not genuine issues of material fact. *Anderson*, 477 U.S. at 247-48. A disputed issue is genuine if the evidence could lead a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

**ARGUMENT**

I. **Defendants Are Entitled to Summary Judgment because Plaintiff's Lawsuit Is Moot.**

The "central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." 13C Charles Alan Wright, et al., *Federal Practice & Procedure* § 3533.3 (3d ed., Westlaw 2011). "When a case "no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998) (quoting *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994)).

This Court ruled that Plaintiff was only entitled to equitable relief. Doc. No. 19. Thus, Plaintiff was only entitled to a new hearing by the Arkansas Claims Commission for his original claims that he presented to the Claims Commission at his hearing on March 15, 2015. On February 15, 2018, Plaintiff was given a completely new hearing by the Arkansas Claims Commission for Plaintiff's original claims. *SUMF* ¶ 9. Thus, Plaintiff has received the only relief to which he is entitled; therefore, Plaintiff's claim is moot. Accordingly, Defendants are entitled to summary judgment as a matter of law.

WHEREFORE, Defendant Brenda Wade and the Arkansas Claims Commission respectfully requests that Plaintiff's lawsuit be dismissed with prejudice and for any and all other just and proper relief to which they may be entitled.

Respectfully submitted

LESLIE RUTLEDGE
Attorney General

By: _____
Vincent P. France
Ark Bar No. 2010063
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2007
Fax: (501) 682-2591
*Attorneys for Defendants*

## Certificate of Service

I, Vincent P. France, hereby certify that on March 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I, Vincent P. France, hereby certify that on March 9, 2018, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

James McAlphin, ADC #088328
Varner Supermax
P.O. Box 400
Grady, AR 71644

                                                                     Vincent P. France